## In re CITY BANK OF DOWAGIAC.

### Appeal of SPAULDING.

(District Court, W. D. Michigan, S. D.   June, 1910.)

TRUSTS (§ 352*)—MINGLING OF FUNDS BY TRUSTEE—TRACING OF FUNDS.

Where a bank made loans within three days after receiving a trust fund, mingled with its own money, the presumption is that the loans were made out of its own funds, which presumption can only be met by proof that at the close of the bank on the days the loans were made it did not have remaining in its vaults money equal to, and out of which it could repay, the trust fund; and unless the presumption is thus met a lien for the trust fund can only be impressed on the cash of the bank.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 520–525; Dec. Dig. § 352.*]

In the matter of the bankruptcy of the City Bank of Dowagiac. There was an order of the referee disallowing in part the claim of one Spaulding, a creditor, and he prays for a review thereof. Affirmed.

Charles E. Sweet, for claimant.
Wm. F. McKnight, for trustee.

DENISON, District Judge. On January 6, 1908, Spaulding deposited in the City Bank money and securities amounting to the net sum of $2,163. The instructions were to collect the securities and then remit the entire proceeds immediately by Chicago draft to Spaulding at his residence in Iowa. The bank took the cash that he deposited, issued, without authority, a certificate of deposit, payable to "Spaulding deal," and retained the certificate in its possession. On January 9th it received the cash from collecting the securities, mingled the same with its own funds, and without authority issued and retained a certificate of deposit payable to "Spaulding deed and draft." It had not remitted at the time of its failure, February 8th.

The referee allowed the claim as for a trust fund, and impressed its lien upon the cash on hand when the bank closed, but refused to find it to be a lien against any other assets. Spaulding, on this review, insists that it should be allowed as a lien against certain notes, which were investments made by the City Bank out of its funds after January 6th, and particularly that the cash received on January 6th should be allowed as a lien against investments made January 6th and 7th, and that the cash received January 9th should be so allowed against investments made on January 9th; and he relies in general upon the rule stated by the Court of Appeals in Smith v. Au Gres (6th Circuit) 17 Am. Bankr. R. 745, 150 Fed. 257; 80 C. C. A. 145, 9 L. R. A. (N. S.) 876. This case is explained and modified, and the rules applicable to bank deposits formulated, in Board of Commissioners v. Strawn, 157 Fed. 49, 84 C. C. A. 553, 15 L. R. A. (N. S.) 1100.

Applying these rules to this case, the presumption would be that the loans made by the bank on January 6th and 7th, after receiving

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this trust fund cash, were made out of its own funds, and not out of the trust funds; and the same presumption would arise on January 9th. This presumption could only be met by proving that, at the close of the bank on the day in question, the bank did not have remaining in its vaults money equal to, and out of which it could repay, the trust fund. There is no such proof here, and for all that appears the bank had on hand, after making each of the investments in question, sufficient cash to repay to Spaulding his money.

The referee's order must be affirmed.